UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>DAVID SIESS,<br><br>Defendant.<br>_____/ | )Case No.:00-6228-CR HURLEY/VITUNAC<br>)<br>)   NIGHT BOX<br>)        FILED<br>)<br>)   DEC 1 2 2000<br>)<br>)   CLERK, USDC / SDFL / WPB |

### DEFENDANT'S UNOPPOSED MOTION
### TO CONTINUE SENTENCING

Comes now the Defendant, DAVID SIESS, by and through his undersigned attorney and moves this Honorable Court to enter into an Order continuing the sentencing in this cause and in support thereof would states as follows:

1.  That the Defendant is scheduled to be sentenced by this Honorable Court on Wednesday, December 13, 2000 at 10:00am.

2.  That the Defendant has just been diagnosed as Bipolar by Dr. Judith Abramson, a licensed clinical psychologist. Dr. Abramson referred the Defendant to Dr. Carl Bachman, a psychiatrist for the purpose of administering mediation to treat the bipolar disorder. (A copy of a letter from Dr. Judith Abramson is attached hereto and made a part hereof as "Exhibit A").

3.  That the Defendant is currently taking Prozac (20 milligrams, one time daily) and Lithium (200 milligrams, two times daily) for the bipolar disorder. He started taking the medication on December 6, 2000.

4.  That undersigned counsel meet with the Defendant yesterday for the purpose of discussing the sentencing hearing. The Defendant was very depressed and advised that he was told

by his doctors that it would take several weeks for his medications to reach the appropriate level in his bloodstream. Undersigned counsel found the Defendant to be very distracted and unable to fully focus on the sentencing process.

5. Undersigned counsel feels that it would be in the best interest of all parties to insure that the Defendant was properly medicated at the time of his sentencing.

6. That undersigned counsel has discussed this matter with Assistant United States Attorney Steven R. Petri and the Government has no objection to this Honorable Court granting the Defendant's Motion to Continue the Sentencing.

WHEREFORE, the Defendant would respectfully request that this Honorable Court grant this motion and continue the sentencing in this matter to January 9, 2000.

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was sent via facsimile and hand delivered to: Office of the U.S. Attorney, Ft. Lauderdale, Florida, this 12th day of December, 2000.

615705_1.DOC

>     Respectfully submitted,
>     MARTIN I. JAFFE, ESQUIRE
>     Attorney for Defendant
>     P.O. Box 9057
>     Fort Lauderdale, FL 33310-9057
>     (954) 985-4157
>
>     By:_____
>         MARTIN I. JAFFE, ESQ.
>         Florida Bar No. 244848

## JUDITH ABRAMSON, Ph. D.

2450 Hollywood Boulevard
Suite 203
Hollywood, Florida 33020
(954) 922-2331
Fax (954) 920-4688

Licensed Clinical Psychologist
License No. PY0005123

Martin Jaffe, Esquire
P.O. Box 9057
Ft. Lauderdale, Florida 33310-9057

    Re: David Siess

Dear Mr. Jaffe:

You have asked me to communicate with you on behalf of your client David Siess. David came to see me because he is very depressed. As I was listening to him relate the story of his life, I realized that he has a bipolar disorder, for which had not been diagnosed, and therefore, had not taken the appropriate medication, which would have controlled the disease.

A bipolar disorder, which used to be termed "manic depression", is a disease of mood and perception. The manic phase of the disorder is characterized by a period of abnormally and persistently expansive, elevated or irritable mood. During the period of mood disturbance there is an inflated self esteem or grandiosity, an increase in goal directed activity, an excessive involvement in pleasurable activities that have a high potential for painful consequences (i.e. engaging in foolish or unlawful business investments, drug use, sexual indiscretions, buying sprees), pressures to keep going, a flight of ideas and racing thoughts, an inability to relax and distractibility.

The mood disturbance is sufficiently severe to cause marked impairment in social activities or in relationships with others and/or in occupational functioning. There are tendencies to exercise poor judgment and impulsivity as well. These periods are alternated with depression, suicidal thoughts and feelings, sadness, poor self-esteem, regrets, hopelessness and low motivation.

David's life story and family history fit a textbook version of the diagnostic criteria. For that reason, I


EXHIBIT "A"

Page 2 **David Siess**

have referred him to a psychiatrist and urged David to discuss the "high" periods of his life, not just the current depressive symptoms. This will allow the psychiatrist to have the full clinical picture so the he will be able to prescribe the appropriate medication. Interestingly, David, who has been to psychiatrists in the past when he was depressed and has been placed in antidepressant medication before, never told the psychiatrists about the "high" cycle believing that when he was "high" those feelings were his "normal" feelings. Consequently, he has never been fully diagnosed and placed on the appropriate medication, lithium carbonate.

David is finally in a position to understand his disease, learn healthy coping skills, and to understand that his need to stay on medication, in all probability, will last his lifetime. It will take several months for the medication to reach maximum potential in David's bloodstream and more time for David to adjust to the effects of the medication on his personality. Periodic blood work will also be necessary to monitor the levels of the medication in his bloodstream. Incarceration would be disastrous for David. He would not receive the medical attention he needs or the therapy, and there would be no guarantee that incarcerated, he would not attempt suicide.

Feel free to call upon me if you have any questions or if I can be of further service in this matter.

Sincerely,

*Judith Abramson, Ph.D*
Judith Abramson, Ph.D.