# COURT MINUTES

U.S. MAGISTRATE JUDGE **ANN E. VITUNAC**   DATE: 03/19/2002   TIME: 9:30 AM

DEFT. DAVID SIESS    (B)   CASE NO. 00-6228-CR-HURLEY/VITUNAC

AUSA. *James Hopkins* / LAUREN JORGENSEN   ATTY. MARTIN JAFFE (RETAINED)

AGENT. BARBARA SOMOANO-PROBATION   VIOL. VIOL. OF SUPERVISED RELEASE

PROCEEDING SENTENCING   BOND. $100,000 PSB

DISPOSITION Sentencing held
Deft present with counsel.
Defense request a voluntary surrender date.
Deft is hereby sentenced to 6 months in BOP. Deft must surrender to designated facility on 5-13-02 by noon. If no facility is designated, must surrender to U.S. Marshall in Miami.

DATE: 3-19-02    TAPE: AEV 02-22-2375

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

Case No. 93-8102-CR-RYSKAMP

UNITED STATES OF AMERICA,

-vs.-

REGINALD EUGENE GRIMES a/k/a
JEFFREY GREENWOOD,

        Defendant.
_____/



FILED by _____ D.C.

MAR 1 9 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER DENYING DEFENDANT'S PRO SE NUNC PRO TUNC MOTION TO CORRECT ILLEGAL SENTENCE

THIS CAUSE is before the Court upon Defendant's Pro Se Nunc Pro Tunc Motion to Correct Illegal Sentence **[DE 179]**, filed March 11, 2002. This motion is now ripe for adjudication.

Defendant was charged in the indictment with possession of a firearm by a convicted felon in violation of 19 U.S.C. § 922(g)(1) and 924(a)(1). A jury found Defendant guilty as charged. Defendant was sentenced to 235 months in the Bureau of Prisons, five years supervised release, and ordered to pay a fine of $100. Defendant's sentence was based on a presentence report which classified Defendant as an armed career criminal pursuant to 18 U.S.C. § 924(e)(1).

In his motion, Defendant argues that he was sentenced under 18 U.S.C. § 924(e)(1), and that this Court was without jurisdiction to sentence him pursuant to this statute because 18 U.S.C. § 924(e)(1) and its required elements were not included in the indictment. However, the Eleventh Circuit has specifically stated that 18 U.S.C. § 924(e)(1) is not a new offense, but rather is enhancement to a charged offense based upon prior convictions which do not need to be set

Page 2  UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

forth in the indictment or proven beyond a reasonable doubt. United States v. McGatha, 891 F.2d 1520, 1527 (11th Cir. 1990) (stating "[b]ecause 18 U.S.C. § 924(e)(1) does not create a separate offense but is merely a sentence enhancement provision, the previous felony convictions necessary for sentencing under 18 U.S.C. § 924(e)(1) are not an element of the offense... [t]herefore, prior convictions need not be set forth in the indictment or proved beyond a reasonable doubt.").

Accordingly, and upon review of the pertinent portions of the record, it is hereby

ORDERED AND ADJUDGED that Defendant's Pro Se Nunc Pro Tunc Motion to Correct Illegal Sentence **[DE 179]**, filed March 11, 2002, is **DENIED**.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this ___ day of March, 2002.

_____
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided:
Reginald E. Grimes, pro se
#40127-004 / Navajo-A
P.O. Box 7007
Marianna, FL 32447